# Rabinowitz, Lubetkin & Tully, L.L.C.

ATTORNEYS AT LAW

Jonathan I. Rabinowitz*
Jay L. Lubetkin ∆
Mary Ellen Tully, Retired
Barry J. Roy* ☐
Jeffrey A. Cooper*
Laura E. Quinn*
John J. Harmon*

293 Eisenhower Parkway • Suite 100
Livingston, New Jersey 07039
Telephone: (973) 597-9100
Facsimile: (973) 597-9119
WWW.RLTLAWFIRM.COM

\* Member NJ & NY Bars
∆ Member NJ & GA Bars
☐ Member MA Bar

February 23, 2016

Via ECF
Honorable Nancy H. Lord
United States Bankruptcy Court, EDNY
271-C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201-1800

> Re:  Keen Equities, LLC (the "Debtor")
> Case No. 13-46782 (NHL)
> Supplemental Letter Brief re <u>Central Mortg. Co. v. Acevedo</u>

Dear Judge Lord:

As Your Honor is aware, this office represents the Greene Family in the above-referenced Chapter 11 case. During the continued hearing on the (i) adequacy of the information contained in the Debtor's Disclosure Statement and (ii) Debtor's objection to the Greene Family proof of claim held on January 20, 2016, Your Honor directed the parties to address two questions involving the <u>Central Mortg. Co. v. Acevedo</u> case, which was relied upon by the Greene Family. Please accept this letter brief in lieu of a more formal brief to address Your Honor's questions.

## Question 1

First, Your Honor asked:

> Can either of you clarify what showing was made as to whether Justice Elaine Slobod…was not, whether called upon or not called upon to determine or did not determine that the mortgage debt was properly and effectively accelerated?
>
> So, in other words, the debtor needs to argue to me that what was presented, the judge, Justice was not called upon to

February 23, 2016
Page 2

> determine that the mortgage debt was properly and affectively (sic.) accelerated, and the lender needs to show me in their complaint why granting of the summary judgment motion in fact the judge did.

Transcript of January 20, 2016 Hearing ("Hearing Transcript"), 24:14-24.

Although Your Honor noted that this first question "is really more directed for the debtor[,]" (Hearing Transcript, 26:23-25), the Greene Family will address it here. First, in answering Your Honor's first question, it is helpful to set forth the holding in Central Mortg. Co. v. Acevedo, 34 Misc.3d 213, 219 (Sup.Ct., Kings County 2011).

Prior to entering the Order Appointing Referee, the trial court in Acevedo "ordered that 'a default judgment in favor of the Plaintiff be granted as to the claim described in the Plaintiff's Complaint herein.'" Id. at 215. Because the Complaint had alleged that "'pursuant to the terms of [the subject note and mortgage] plaintiff has elected to accelerate the mortgage and balance and declare the same to be immediately due and payable'[,]" the Acevedo Court held that although the trial court had not explicitly made a determination as to the proper acceleration of the debt, the fact that the trial court entered default judgment on the claim described in the complaint resulted in the presumption that the trial court had made such a determination. Id. at 220.

As set forth in the Greene Family's previously filed reply brief, Judge Elaine Slobod granted summary judgment on the First and Second Causes of Action in the Complaint. (See Certification of Jeffrey A. Cooper ["Cooper Cert."], Ex. "D", Dkt. No. 100, Attachment #9). Paragraphs 16 and 17 of the First Cause of Action state:

February 23, 2016
Page 3

> 16. Keen has failed to comply with the provisions of the Note and the Purchase Money Mortgage by failing to pay each of the installments of principal and interest which became due on and after October 1, 2010.
>
> 17. *By reason of such defaults, the plaintiffs have elected and hereby elect to accelerate payment of the entire principal balance remaining unpaid on the Note and the Purchase Money Mortgage.* There is now due and payable to the plaintiffs, the principal sum of Three Million Nine Hundred Twenty-Four Thousand, Six Hundred Forty-five & 93/100 ($3,924,645.93) Dollars with interest from September 1, 2010, at the rate of eighteen (18%) percent per annum, together with late charges in the amount of Twenty-nine Thousand Three Hundred Twenty-one & 9/100 ($29,321.09) Dollars thru the date hereof, together with attorneys fees to be fixed by the Court in this action, no part of which has been paid. (Emphasis added.)

(See Cooper Cert., Ex. "A," pp. 13-14, Dkt. No. 100, Attachment #3). Furthermore, ¶ 26 of the Second Cause of Action states:

> 26. Pursuant to the terms and provisions of paragraph "16" of the Note and paragraph "25" of the Purchase Money Mortgage, the plaintiffs are entitled in this foreclosure action commenced *as the consequence of an event of default by Keen* under the Note and the Purchase Money Mortgage, to recover the legal fees, costs and disbursements incurred by the plaintiffs in the prosecution of this foreclosure action.

(See Cooper Cert., Ex. "A," p. 16, Dkt. No. 100, Attachment #3 [emphasis added]).

Clearly, the Complaint alleges an event of default and that the mortgage debt was properly and effectively accelerated, so that it must be presumed that in granting summary judgment specifically on the First and Second Causes of Action, Judge Slobod made such determination. Unless the Debtor can present evidence to the contrary, the inquiry must end here in accordance with the holding Acevedo because, absent a contrary showing by the Debtor, it

February 23, 2016
Page 4

must be presumed that Judge Slobod determined there was a default and acceleration as alleged in the complaint because that was necessary for a determination of summary judgment in favor of the Greene Family.

The Debtor will not be able to show that Judge Slobod did not make such a determination as to the proper and effective acceleration of the mortgage debt. As evidenced by Judge Slobod's Decision and Order, there was no oral argument of the summary judgment motion. (See Cooper Cert., Ex. "D," pp. 1-2, Dkt. No. 100, Attachment #9). Judge Slobod, however, indicates that she relied upon several pleadings, and specifically lists those papers. (Id.). Significantly, the Affirmation of Alan S. Lipman, submitted in support of the Greene Family's summary judgment motion, and relied upon by Judge Slobod, recites in ¶ 8 that "[t]he validity of the Note & the Mortgage and the amount of the remaining debt on the Note & the Mortgage are not seriously in dispute." (See Supplemental Certification of Jonathan I. Rabinowitz in Support of the Greene Family's Letter Brief Regarding Questions Raised at the January 20, 2016 Hearing ["Rabinowitz Supp. Cert."], submitted herewith, Ex. "A," p. 3). The Amended Complaint was also included in the papers relied upon by Judge Slobod, as was the Debtor's Answer, which denied the allegations contained in paragraphs 17 and 26 of the Amended Complaint. (See Rabinowtiz Supp. Cert., Ex. "A," p. 2, ¶3 and ¶16; Cooper Cert., Exs. "A" and "C", Dkt. No. 100, Attachment Nos. 3 and 8).

Furthermore, the transcript of the hearing before the Referee indicates that the Referee did not exceed the scope of his authority, as he did not address or determine the issue of proper and effective acceleration. (See Rabinowitz Supp. Cert., Ex. "B.") Clearly, the Referee

February 23, 2016
Page 5

presumed that Judge Slobod had implicitly determined that the mortgage debt was properly and effectively accelerated, and based his calculations accordingly. A determination that the mortgage debt was properly and effectively accelerated was a necessary finding by the trial court in granting summary judgment on the First and Second Causes of Action and referring the matter to the Referee to perform calculations based on such proper and effective acceleration, and, absent any contrary showing by the Debtor, the issue must be presumed to have been determined by Judge Slobod.

### Question 2

The second question Your Honor asked at the hearing was whether "the lender [can] clarify the rationale as to why this decision [(Acevedo)] is binding on this court as opposed to probative of what a state court would likely do in this situation." (Hearing Transcript, 25:8-10). Your Honor is correct that a lower state court decision, even on an issue of state law, is not binding on a federal court, but such lower court decision is persuasive authority. See In re Thorsell, 229 B.R. 593, 597 (Bankr. W.D.N.Y. 1999); Chrysler Financial Co., L.L.C. v. Schlant, 243 B.R. 613, 617 (W.D.N.Y. 2000); In re Foamex Intern., Inc., 491 B.R. 100, 106 (Bankr. D.Del. 2013).

As aptly noted by the bankruptcy court in In re Thorsell:

> This court is obliged to apply state law with respect to substantive issues other than those which federal statutes, treaties, and the Constitution may define. Indeed, in numerous respects, the Bankruptcy Code presumes reliance upon state standards, especially with respect to determinations of liability and the delineation of property interests.

> ...Thus federal courts must honor a definitive pronouncement of that law by New York State's highest tribunal, the Court of Appeals. As to issues on which the New York Court of Appeals has made no such definitive ruling, federal courts must aim to predict the state court's likely interpretation of the statute. . .For such guidance, the bankruptcy court must duly recognize the persuasive authority of decisions of the state's inferior courts. In *In re Brooklyn Navy Yard Asbestos Litigation*, 971 F.2d 831, 850 (1992), the Second Circuit Court of Appeals summarized the appropriate standard.
>
> > A federal court faced with a question of unsettled state law must do its best to guess how the state court of last resort would decide the issue. Where the high court has not spoken, the best indicators of how it would decide are often the decisions of lower state courts.

In re Thorsell, 229 B.R. at 597; see also, Chrysler Financial Co., 243 B.R. at 617; In re Foamex, 491 B.R. at 106 (addressing state law issue as opposed to state statute).

Here, while Your Honor is not faced with the interpretation of a state statute as in In re Thorsell or Chrysler Financial, Your Honor must determine an issue of state law, where the same principles of interpretation apply. The Acevedo Court has ruled that, in granting default judgment in a foreclosure proceeding, it must be presumed, absent any evidence to the contrary, that the trial court necessarily ruled favorably as to the allegations contained in the Complaint, specifically with regard to the proper acceleration of the debt. Acevedo, 34 Misc.3d at 220. This counsel has been unable to find any other New York court which has addressed this specific issue. Because the Court of Appeals has not addressed the issue, this Court must predict how it might rule with regard to this issue of law, and should be guided by the only New York decision, Acevedo.

I hope that this letter brief adequately addresses Your Honor's questions. The Greene Family respectfully submits that this Court should rule that the Debtor is precluded from arguing that the mortgage debt was not properly and effectively accelerated.

                                              Respectfully submitted,

                                              RABINOWITZ, LUBETKIN & TULLY, L.L.C.

                                              Jonathan I. Rabinowitz

JIR:jc

cc:    Kevin Nash, Esq. (via e-mail)
        J Ted Donovan, Esq. (via e-mail tdonovan@gwfglaw.com)

F:\Client_Files\A-M\Greene, Hal J. Living Trust\Judge Lord-5.Supp Brief per 1-20-16 Hearing.doc