UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Chapter 11

KEEN EQUITIES, LLC,                                       Case No. 13-46782 (NHL)

                                    Debtor.
-------------------------------------------------------------x

### DEBTOR'S SUPPLEMENTAL MEMORANDUM OF LAW TO ANSWER QUESTIONS RAISED BY THE COURT AS TO WHAT WAS CONSIDERED BY THE STATE COURT IN GRANTING PARTIAL SUMMARY JUDGMENT

**Preliminary Statement**

This Supplemental Memorandum of Law is respectfully submitted by Keen Equities LLC ("Keen" or, the "Debtor"), in response to certain questions posed by the Court at the hearing held on January 20, 2016 in connection with the Debtor's Objection to the Claim filed by Hal J. Greene Living Trust, David A. Greene, and Trust u/w M. Greene f/b/o Sabrina Greene (the "Greene Family").[1]

At the January 20, 2016 hearing, this Court made the following inquiries:

These are my two questions for both of you. . . .  Can either of you clarify what showing was made as to whether Justice Elaine Slobod was . . . called upon to determine or did not determine that the mortgage debt was properly and effectively accelerated.

So, in other words, the debtor needs to argue to me that . . . the judge . . . was not called upon to determine or did not determine that the mortgage debt was properly and [e]ffectively accelerated, and lender needs to show me in their complaint why granting of the summary judgment motion in fact the judge did.
 . . . .
Secondly, . . .[t]he court denied Central Mortgage Company's motion for summary judgment of foreclosure in sale on grounds unrelated to this case.

---

[1] For purposes of this Supplemental Memorandum, terms not otherwise defined below shall have the same meanings as set forth in the Claim Objection.

Can the lender clarify the rationale as to why this decision is binding on this court as opposed to probative of what a state court would likely do in this situation?

These questions arise out of <u>Cent. Mortgage Co. v. Acevedo</u>, 34 Misc. 3d 213, 934 N.Y.S.2d 285 (Sup. Ct. 2011)(hereinafter "<u>Acevedo</u>") in which the Acevedo Court stated that a referee's power is limited to the order of appointment and the Court may direct the referee to determine whether the debt was properly and effectively accelerated. However, in <u>Acevedo</u>, there was no direction to make such a determination and the Court ultimately denied entry of a judgment of foreclosure, while noting that:

> In the absence of any showing that Justice Ambrosio was not called upon to determine, or did not determine, that the mortgage debt was properly and effectively accelerated, this Court will presume that he made that determination in ordering the default judgment, and will treat that determination as law of the case

<u>Id.</u>, at 291.

## Question No. 1

In its first question, the Court asked the Debtor to discuss whether Judge Slobod did or did not determine the issue of acceleration and imposition of default rate interest in her October 10, 2012 Memorandum Decision and Order granting partial summary judgment to the Greene Family (the "Decision"). The short answer to this question is no, since the underlying motion for partial summary judgment focused only on discrete issues regarding whether the disclaimers under Keen's contract precluded raising alleged post-closing undisclosed environmental contamination in defense to the foreclosure complaint. Ultimately, Judge Slobod precluded the environmental related defenses and counterclaims based on exculpatory language in the Contract, and granted partial summary judgment. There is nothing in the Decision, however, discussing whether the notice of acceleration was properly served to trigger default interest. Instead, Judge Slobod merely noted that Keen, as a mortgagor, "has defaulted in

payment" and was not asked to consider anything else relating to the consequences of default or whether the acceleration was properly noticed.

The underlying Amended Complaint (a copy of which is attached hereto as Exhibit "A") does not allege any facts concerning the precise manner in which the Mortgage was accelerated, only pleading in paragraphs 17 and 18 that Keen failed to pay "installments of principal and interest" which became due on October 1, 2010, and that plaintiffs "have elected to accelerate payment of the entire principal balance." As a consequence, Judge Slobod did not directly consider notice, since the Amended Complaint does not mention, let alone specify when and how the purported notice of default was issued, or to whom.

In the absence of direct evidence, the Greene Family is forced to argue that Judge Slobod implicitly made a determination of proper acceleration to trigger default interest when she granted partial summary judgment. However, a reading of Judge Slobod's decision indicates that she focused entirely on the environmental-based counterclaims and defenses, and, having dismissed them, did not perform any analysis of the facts relating to the propriety of the notice of acceleration in terms of permitting recovery of default interest. Moreover, because the Debtor's non-payment was acknowledged, there was no reason for the State Court to analyze any issues relating to service of the notice of default. Thus, Judge Slobod neither explicitly nor implicitly reviewed the propriety of the notice, nor was she required to do so to grant partial summary judgment.

It is also noteworthy that the papers filed by the Greene Family in support of summary judgment before the State Court do not contain a single reference to the manner in which the notice of default was served. The Amended Complaint is silent; the supporting Affidavit of Hal Greene is silent, and an Attorney's Affirmation submitted by Alan S. Lipman

merely states that Keen was notified of the default by a notice dated October 18, 2010, without proof of service. In any event, Mr. Lipman had no personal knowledge about the issuance of notice of default, which was allegedly sent by Hal Greene. Copies of the supporting papers submitted by Mr. Lipman and Mr. Greene are also annexed hereto, as <u>Exhibits</u> "B" and "C", respectively.

Other than this bare reference, there is no other mention of the notice and no discussion of the notice requirements or the steps taken by the Greene Family to comply with those requirements in any of the motion papers filed by either party.[2]

In sum, there is nothing in the record to establish that the Greene Family's compliance with the notice requirements was ever presented to or considered by Judge Slobod, directly or by implication. Thus, the issue is not subject to preclusion in bankruptcy, particularly since a state court retains discretion to consider re-argument even where the 30 day deadline has passed. *See*, <u>HSBC Bank USA, N.A. v. Halls</u>, 950 N.Y.S.2d 172, 174 (2nd Dep't 2012)("even where a motion for reargument is technically untimely under CPLR 2221(d)(3), a court has discretion to reconsider its prior ruling (*see* CPLR 2004; *Itzkowitz v. King Kullen Grocery Co., Inc.,* 22 A.D.3d 636, 638, 804 N.Y.S.2d 350; *Garcia v. The Jesuits of Fordham,* 6 A.D.3d 163, 165, 774 N.Y.S.2d 503).").

---

[2] Neither party submitted a statement of undisputed or disputed facts, which apparently is not a requirement as under the Federal Rules, so there is no clear record as to what matters were considered or deemed not in dispute.

**Question No. 2**

Question No. 2, directed to the Greene Family, raises the question as to what actual weight should be applied to the statement in <u>Acevedo</u> that in the absence of a showing that "Justice Ambrosio was not called upon to determine, or did not determine, that the mortgage debt was properly and effectively accelerated, [the Acevedo] Court will presume that [Justice Ambrosio] made that determination in ordering the default judgment, and will treat that determine as law of the case".  Because this statement was contrary to the actual holding in <u>Acevedo</u>, it is *dicta* and does not bind this Court.

In fact, while recognizing the presumption, the <u>Acevedo</u> Court still denied an ex parte order to enter a judgment of foreclosure on the basis that additional affirmations were required to comply with newly instituted Court procedures.  *See*, <u>Acevedo</u>, 34 Misc. 3d at 221.

While the Debtor may be subject to a presumption of proper delivery, there is nothing to indicate that such a presumption is irrebuttable, particularly since the <u>Acevedo</u> Court did not cite any support for its invocation of the presumption in the first place.  Instead, the <u>Acevedo</u> Court cited only <u>People v. Evans</u>, 94 N.Y.2d 499 (2000), relating generally to the law of the case doctrine in a criminal context.  As such, <u>Acevedo</u> is distinguishable and not binding precedent.

Thus, the answer to Question No. 2 is that <u>Acevedo</u> does not provide a binding rationale for this Court, but is merely probative of what a state court may do in terms of creating a possible presumption.  Insofar as the law of the case doctrine is concerned, it does not apply here for the fundamental reason that the claims objection is a different litigation.  Law of the case has been characterized as a "kind of interaction res judicata" (Siegel, <u>New York Practice</u> §448, p. 723 (3d Ed)) applicable only within the confines of a single litigation and any appeals therein.

Since the Bankruptcy Court is a different forum than the Orange County Supreme Court the law of case doctrine is not applicable.

Tellingly, every single case cited by the Greene Family on the law of the case doctrine involves an action which was removed from the state court to the Bankruptcy Court, so that the case being tried in the federal court is the <u>same</u> action. These decisions are, therefore, readily distinguishable from the situation here, where the foreclosure action pending in the Supreme Court was never removed to this Court. Indeed, in a case substantially similar to this one, the Hon. Sean H. Lane rejected application of the law of the case doctrine where a state court action was not removed to the bankruptcy court, and held that the prior rulings by the state court were not binding in a claim dispute before the bankruptcy court:

> R & R argues that application of the law of the case doctrine is appropriate because the trial held in this Court is simply "a different phase" of the State Court Action. For support, R & R cites to *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), which states that the law of the case doctrine should be applied to "transfer decisions of coordinate courts." *Id.* at 816. R & R's argument is procedurally flawed, however, as the State Court Action has never been removed to this Court pursuant to 28 U.S .C. § 1452, and the matter before this Court is not a "transfer" of the State Court Action. Furthermore, this Court lifted the stay in the State Court Action, and it was never reimposed. Thus, as far as this Court is aware, the State Court Action is still active and pending. Rather than a continuation of the State Court Action, the trial before this Court was an evidentiary hearing on a claim objection.

<u>In re Rock & Republic Enterprises, Inc.</u>, No. 10-11728 AJG, 2011 WL 2471000, at *7 (Bankr. S.D.N.Y. June 20, 2011).

As in <u>Rock and Republic</u>, this Court sits neither in place of nor in appellate review of Judge Slobod, but rather considers the issues raised in the Claim Objection under original jurisdiction conferred by Title 28 of the United States Code. Accordingly, the Bankruptcy Court is not bound under the law of the case doctrine by any determinations made by

Judge Slobod and is able to make its own determination of the validity of the acceleration to permit recovery of pre-petition default interest.

Dated:  New York, New York
        February 23, 2016

GOLDBERG WEPRIN
FINKEL GOLDSTEIN LLP
*Attorneys for the Debtor*
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700


By:     /s/ Kevin J. Nash, Esq.

x:\gwfg\new data\yen\word\keen equities llc- yc rubin (#rubyc.33297)\claim objection (supplemental) 02-23-16 v3.doc